THOMAS H. JOHNSON v. THEOPHILUS SEYMOUR.

*Sale—Fraud—Rescission.*

1. A vendee who has been induced to part with his money in reliance upon the misrepresentations of the vendor may rescind the contract of sale, and recover the money so paid.

2. Where, after the payment of part of the purchase price of a stock of goods, the vendee discovers that the stock is not as represented, and refuses to complete the contract, and enters into a new one with the vendor to take the stock at whatever an expert would appraise it, which appraisal is made, and the vendor refuses to carry out the new contract, the vendee may recover the money paid under the rescinded contract.

Error to Wayne. (Hosmer, J.) Argued January 7, 1890. Decided January 17, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Stewart & Galloway,* for appellant, contended:

1. This action is well laid on the count for money had and received, and it is unnecessary to consider the other counts; citing *Wright v. Dickinson,* 67 Mich. 580, 590.

2. This is not an action for fraud, but is an entirely equitable one, and is subject to every equitable defense that can be raised; citing *Inhabitants of Concord v. Delaney,* 58 Me. 309, 316.

3. Plaintiff's negligence in making the mistake, through which he was induced to pay the money, does not prevent him from recovering it back if the other party has not been prejudiced; citing *Duncan v. Berlin,* 11 Abb. Pr. (N. S.) 116; *Mayer v. Mayor,* 63 N. Y. 455.

4. Money paid under a mistake of *fact* may be recovered back, and that, too, although the party may have had the means of knowing the facts; citing *Alston v. Richardson,* 51 Tex. 1; *Lyle v. Shinnebarger,* 17 Mo. App. 66.

*Adam E. Bloom (Hamilton G. Howard,* of counsel), for defendant, contended:

1. Where the jury have passed upon a question of fact, submitted to them under proper instruction, this Court will not review their finding; citing *Whenting v. Torrent*, 75 Mich. 309; *Bonner v. Runals*, 76 Id. 136.

2. The Court will not weigh evidence, determine facts, or review the findings of the court below upon questions of fact; citing *In re Wisner Estate*, 20 Mich. 128; *Schmidt v. Miller*, 22 Id. 278; *Walrath v. Campbell*, 28 Id. 123; *Tuxbury v. French*, 39 Id. 190; *Chatterton v. Parrott*, 46 Id. 432; *Boglarsky v. Mfg. Co.*, 65 Id. 510.

3. The defendant was sick,—confined to his bed,—and had been for over a year. The plaintiff was free to act, and to use his own judgment, either to purchase or not as he saw fit. The bargain was made, the sale consummated, and the plaintiff is bound by the terms of his contract; citing *Beeker v. Hastings*, 15 Mich. 47.

4. Proof of fraud must be clear, and will not be presumed upon slight circumstances; citing *Buck v. Sherman*, 2 Doug. 176 230; and is not presumed without proof; citing *Robert v. Morren Estate*, 27 Mich. 306; and actual deception must be shown; citing *Jackson v. Collins*, 39 Id. 557.

5. A mere assertion of value is no ground for relief, and every person reposes at his peril in the opinion of others, when he has an equal opportunity to form and exercise his own judgment; citing *Picard v. McCormick*; 11 Mich. 68; *Beeker v. Hastings*, 15 Id. 47.

GRANT, J. Plaintiff being suit to recover $900 paid by him to the defendant on a contract for the purchase of a stock of drugs, claiming that he was induced to make the contract by fraudulent representations on the part of the defendant.

The declaration is upon the common counts, with a special count alleging that the defendant falsely and fraudulently represented that said stock was free and clear of all incumbrances, whereas it was mortgaged for the sum of $2,087. No representations were made to plaintiff by defendant in regard to this mortgage at the time of the sale. The mortgage was to defendant's brother-in-law, and as soon as plaintiff called defendant's attention to it the mortgage was discharged. The plaint-

iff was unaware of the mortgage at the time of the sale.

The other false representations relied upon, but not alleged in the declaration, were that defendant said that the store was in good condition,—in good working order; would inventory $2,200, and was really worth $2,500.

The evidence tended to show that plaintiff was an experienced druggist; that defendant was at the time sick in bed; that plaintiff had ample opportunity to examine the stock; that he paid defendant $900, agreeing to give a mortgage for $700, balance of purchase price; that he took possession of the store and stock; that shortly after he informed defendant that the stock was not as represented; that they then made another arrangement, by which an expert should appraise the property, and plaintiff would pay the appraised value; and that such appraisal was made; and that defendant refused to abide by it.

The evidence on the part of defendant tended to disprove all the facts essential to the plaintiff's recovery.

The facts were for the determination of the jury, under proper instructions by the court. The court substantially instructed the jury as follows:

1. There was no fraud in the matter of the mortgage, and plaintiff could not rescind the contract on that ground.

2. If defendant made any actual misrepresentations to the plaintiff as to the stock and fixtures, or the amount they would inventory, and plaintiff parted with his money relying upon them, then he was entitled to rescind the contract, and recover the money paid.

3. If plaintiff purchased without any misrepresentation, or if defendant only gave his opinion of the value of the stock, he would not be entitled to recover.

4. If, after the payment of the $900, the plaintiff had discovered that the stock was not as he had supposed, and had refused to sign any mortgage, and entered into a new contract with the defendant, that he would take the stock at whatever the experts would appraise it at;

and if the contract was agreed to and acquiesced in by the defendant, and such appraisal was made, and defendant refused to carry it out,—then the plaintiff is entitled to recover.

5. The fraud charged must be clearly established, and is never presumed.

The instructions to the jury were correct.

Judgment affirmed, with costs.

The other Justices concurred.